UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Jenee K. Ciccarelli, Esq. JC/0693
Ciccarelli Law, PC
239 New Road, Building A, Suite 301
Parsippany, New Jersey 07054
Phone: (973) 737-9060
Fax: (973) 619-0023
Email: jenee@jc-lawpc.com
Attorney for Debtor/Plaintiff

In Re:

Danielle L. Downs,

    Debtor.

---

Danielle L. Downs,

    Plaintiff,

v.

Aidvantage as agent for Mohela,

    Defendants.

Case No.: 23-16158

**Chapter 13**

Adversary No.

Honorable Stacey L. Meisel

**COMPLAINT**

Plaintiff, Danielle L. Downs (hereinafter "Debtor" or "Ms. Downs"), by and through her counsel, Ciccarelli Law, PC, and for its Complaint against Aidvantage as agent for Mohela state the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1334(b), 157(a) and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984, as amended September 18, 2012.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) as it relates to the dischargeable of a particular debt, specifically, multiple Student Loan Debts held by Aidvantage totaling $117,593.04.

3. Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

4. The Defendant named herein and debt referenced is listed and included in Debtor's Petition, Schedule F, as an unsecured debt and defendant was notified of the Debtor's bankruptcy filing.

## BACKGROUND

5. In 2000, Ms. Downs earned a Bachelor's Degree in Sociology from Rider University.

6. In 2013, Ms. Downs earned a Master's Degree in Child Advocacy and Policy from Montclair State University.

7. Ms. Downs is currently a Local Office Manager for the Division of Child Protection and Permanency ("DCP&P"). In her role as Local Office Manager, she manages case workers. Prior to being a Manager, Ms. Downs was a Family Service Specialist Trainee. She has been employed with State of New Jersey, DCP&P for approximately 20 years.

8. In order to obtain the Manager position, Ms. Downs was required to have a master's degree and therefore went back to school to obtain the appropriate education.

9. Ms. Downs provides a valuable and necessary service to our community. Given the

State's interest in the safety and stability of children within our communities, managers like Ms. Downs are necessary to ensure the safety and well-being of the children are met.

10. The repayment of the student loans at issue started approximately 6 months after Mr. Downs' graduation date from Rider University per the terms of the repayment of the loan.

11. Applicable loans were subject to an in-school deferment while Ms. Downs obtained her Master's Degree for approximately 3 years.

12. Ms. Downs disputes the amount due and upon information and belief has been in an applicable repayment program including Standard Repayment, Income Based Repayment and REPAYE program.

13. In October 2022, Ms. Downs was advised by Mohela to apply for a consolidation loan in conjunction with her PSLF Application and thereafter advised that only 2 qualifying payments were made. The number of qualifying payments was adjusted in March 2023 and Ms. Downs was credited with 54 qualifying payments. Ms. Downs disputes the calculation of qualifying payments.

14. Despite her years of service and application payments, Ms. Downs was not reviewed for TEPSLF.

15. The State of New Jersey is a qualifying government organization for federal loan forgiveness programs. DCP&P positions currently note that "As a prospective employee of the State of New Jersey, you may be eligible for federal loan forgiveness programs and state repayment assistance programs." Therefore, all of Ms. Downs time should have been certified for purposes of calculating the payments, but was not.

16. The Defendant has not filed a proof of claim. However, upon information and belief, the balance of the student loans is $117,000.

## COUNT I - UNDUE HARDSHIP

17. Due to the amount of the loan due and owing after over 20 years of payment and current income, the repayment of the loans imposes an undue hardship on the Debtor, and should be treated as general unsecured debt, paid in accordance

    to the plan, and discharged pursuant to 11 U.S.C. § 523(a)(8).

18. If forced to repay the loan balance which either has or will mature during this plan, the Debtor cannot maintain a current standard of living for herself and her dependents.

19. The circumstances limiting her ability to repay will exist during the repayment period.

20. The Debtor has made a good faith effort to repay the loans over time and has consistently made payments and/or been in an applicable forbearance period.

## COUNT II – FUTURE INABILITY TO REPAY STUDENT LOANS

21. Plaintiff repeats all of the allegations contained in the previous paragraphs as if fully set forth herein.

22. If forced to repay the full loan balance with interest, the Debtor cannot maintain a current standard of living for herself and her dependents.

## COUNT III– LOANS ARE SUBJECT TO FORGIVNESS AND DISCHARGE

23. Plaintiff repeats all of the allegations contained in the previous paragraphs as if fully set forth herein.

24. Under the PSLF and TEPSLF programs, Ms. Downs has been employed full time for a government employer. She has the necessary loans required for consideration of forgiveness and made total qualifying monthly payments.

25. Qualifying payments from all loans included in Ms. Downs 2022 Direct Consolidation Loan, including FFEL Program and Perkins loans, should contribute toward the

qualifying payment count on the Direct Consolidation Loan. However, the Defendant has not counted all of Ms. Downs qualifying payments.

WHEREFORE, Debtor requests judgment as follows:

a) An order finding that the debt is dischargeable pursuant to 11 U.S.C. § 523(a)(8); and

b) Such other relief as is just and proper under the circumstances.

DATED: October 30, 2023 /s/ Jenee K. Ciccarelli
Jenee K. Ciccarelli, Esq.
Attorney for Debtor